CONCURRENCE
CLAY, Circuit Judge,
concurring.
I concur in Judge Siler’s opinion for the Court. I write separately to briefly emphasize two unusual facts in this case that compel us to deny Petitioner Clarence Schreane’s request for a writ of habeas corpus.
First, Schreane was never a suspect in Marcus Edwards’ murder until he voluntarily contacted the police through a third party and apparently offered to trade information related to the Edwards murder for relief on unrelated charges that he was facing. See State v. Schreane, No. E2005-00520-CCA-R3CD, 2006 WL 891394, at *2 (Tenn. Crim. App. Apr. 5, 2006). The Edwards case had gone cold for nearly eight years, and Schreane likely would have escaped detection entirely if he had not brought his involvement in the murder to the police’s attention. Under these circumstances, as Judge Siler rightly concludes, the Tennessee Court of Criminal Appeals did not unreasonably determine that Schreane was not “in custody” for Miranda purposes at the outset of his interview with the police because Schreane initiated the interview. See Op. at 451-53; see also Edwards v. Arizona, 451 U.S. 477, 484, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (holding that a suspect is not in custody for Miranda purposes when he initiates contact with the police).
Second, Schreane testified before the Tennessee trial court that he asked to speak with an attorney near the outset of his conversation with the police after Detective Mathis “told him he believed ‘the bicycle bandit’ was responsible for [Edwards’] murder.” Schreane, 2006 WL 891394, at *2. In other words, Schreane asked to speak with counsel shortly into an interview that he initiated after the police had told him that they suspected someone else of the crime, and before Schreane had made any statements inculpating himself. Thus, at the moment Schreane asked to speak with an attorney, he cannot possibly have been “in custody” for Edwards’ murder because the police lacked any inkling that Schreane was involved in the crime. This may well have been a different case if Schreane had renewed his request for counsel after the conversation had turned to his own involvement in the Edwards murder.
In sum, this case presents an unusual fact pattern where the defendant appears to have been entirely responsible both for: (i) initiating contact with the police; and (ii) causing the police to suspect him of a crime. The police in this case were very nearly bystanders at the beginning of the interview, and had their case against Schreane more or less hand-delivered to them through Schreane’s own bungled attempt at bargaining for relief from other charges. The Court’s opinion must be un *455 derstood in this context, and should not be misconstrued as broadly holding that defendants will rarely or never be “in custody” for Miranda purposes, without regard to the facts of the matter, when they initiate contact with the police. With these observations, I concur in the Court’s opinion.